**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 25 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GUNTER HEIDIG; JANIS HEIDIG, | No. 17-17377 |
| Plaintiffs-Appellants, | D.C. No. 3:16-cv-00576-MMD-VPC |
| v. | |
| FEDERAL HOME LOAN MORTGAGE CORPORATION, as Trustee for Securitized Trust Freddie Mac Multiclass Certificates, Series 3038; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Submitted June 12, 2018[**]

Before:     RAWLINSON, CLIFTON and NGUYEN, Circuit Judges.

Gunter Heidig and Janis Heidig appeal pro se from the district court's

judgment dismissing their action alleging federal and state law claims relating to

their mortgage.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

a dismissal under Fed. R. Civ. P. 12(b)(6). *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1040 (9th Cir. 2011). We affirm.

The district court properly dismissed the Heidigs' state law claims because the Heidigs failed to allege facts sufficient to state a plausible claim for relief. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are liberally construed, a plaintiff must still present factual allegations sufficient to state a plausible claim for relief); *Wood v. Germann*, 331 P.3d 859, 861 (Nev. 2014) ("[T]he homeowner, who is neither a party to the PSA nor an intended third-party beneficiary, lacks standing to challenge the validity of the loan assignment."); *Edelstein v. Bank of N.Y Mellon*, 286 P.3d 249, 259-60, 262 (Nev. 2012) (en banc) (explaining that under Nevada law, Mortgage Electronic Registration System, Inc. may properly act as beneficiary of a trust deed, separating the instruments does not permanently bar foreclosure, and an entity has authority to pursue foreclosure when it is entitled to enforce both the deed of trust and the note).

We reject as without merit the Heidigs' contentions that defendants committed fraud on the court, and that defendants are precluded from foreclosing due to a past mediation.

The Heidigs' request for judicial notice, set forth in their opening brief, is denied as unnecessary.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**